Law Office of Phillip A. Austin
Attorney at Law
215 N. Robson Street
Mesa, AZ 85201
Telephone: (480) 644-0506
Fax: (480) 644-9256
Bar No. 5694
Attorney for: Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Wilfred Boston, | Civil Action No. |
| Plaintiff, | |
| vs. | COMPLAINT |
| City of Phoenix, a municipality, | (Jury Trial Requested) |
| Defendant, | |

This matter arises pursuant to the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. Section 3601, et seq., the Declaratory Judgment Act, 28 U.S.C. Section 2201, the Civil Rights Act of 1871, 42 U.S.C. Section 1983, the Civil Rights Act of 1866, 42 U.S.C. Section 1982, and the Fourteenth Amendment of the United States Constitution.

Plaintiff seeks declaratory, preliminary and permanent injunctive relief to enjoin Defendant's conduct, as well as monetary damages, costs and reasonable attorneys' fees.

## I. JURISDICTION AND VENUE:

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. Sections 1331, 1343, 41 U.S.C. Section 3613, 42 U.S.C. 12133, 29 U.S.C. 794, and 42 U.S.C. 1983.

2. Declaratory and injunctive relief is sought pursuant to 29 U.S.C. Section 794(a), 42 U.S.C. 1613(c)(1), 42 U.S.C. 12133, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

3. Venue is proper in the United States District Court for the District of Arizona as all acts complained of occurred within this District.

## II. PARTIES

4. Defendant, the City of Phoenix, (hereinafter referred to as "Defendant") is a municipal corporation organized under the laws of the State of Arizona.

5. The City of Phoenix Housing Authority, a department of the City of Phoenix owns and operates Fillmore Gardens which provides residential facilities to resident in supportive and structured assisted living environment.

6. Wilfred Boston is a single African-American male residing at Defendant's City of Phoenix, Fillmore Gardens.

## III. STATUTORY AND REGULATORY FRAMEWORK

7. The Fair Housing Act, 42 U.S.C. Section 3601, et seq., extends the guarantee of equal housing opportunity to all individuals regardless of race, color, national origin, gender and disability. Congress also authorized the Secretary of the United States Department of Housing and Urban Development to promulgate regulations to implement the Fair Housing Act. 42 U.S.C. Sections 3614 (a).

8. Under the Fair Housing Act, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of the race of that buyer, renter, or person residing in or intending to reside in that dwelling after it is sold, rented, or made available. 42 U.S.C. 3604(f)(1).

9. The Fair Housing Act further provides that it is unlawful to discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in a provision of services or facilities in connection with such dwelling, because of the race of that person or persons residing in or intending to reside in that dwelling after it is sold, rented or made available. 42 U.S.C. 3604(f)(2)

10. The federal regulations further make it unlawful "…to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to …discourage or obstruct choice in a community, neighborhood or development." because of the race such person. 24 C.F.R. Section 100.70(a).

11. The U.S. Civil Rights Acts of 1866 and 1871 and the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution prohibit the arbitrary and irrational denial to Plaintiff, because of his race, the residential opportunities afforded to other groups of persons.

IV. STATEMENT OF FACTS

12. Wilfred Boston ("Plaintiff") has resided at Fillmore Gardens, which is owned and operated by the City of Phoenix Housing Authority,

since February 2011. Beginning in 2016 and continuing to the present, Plaintiff has been the victim of the below-identified racial harassment incidents, which was not adequately addressed by Defendant management.

13. On or about January 4, 2016, Fillmore Gardens resident, Billy Padilla, referred to Plaintiff as a, "nigger" during an altercation. When City of Phoenix staff spoke with Mr. Padilla concerning the incident, he admitted to using the racial slur. Staff failed to address this harassment as Mr. Padilla continues to reside at the property and continues to harass Mr. Bostin by using racial slurs.

14. On or around January 2018, someone left a piece of paper with the word "nigger" stenciled across it on a pool table at the property. Plaintiff is the only African-American resident that regularly uses the pool table and enters through a specific door, which leads him to believe this slur was directed towards him. Plaintiff reported the incident to management but nothing was done.

15. On or around February 17, 2018, during an altercation with Fillmore resident, Clyver Pleaugh, Mr. Pleaugh referred to Plaintiff as a, "fucking monkey" and "mother fucking nigger" and proceeded to throw a bottle in his direction. Resident, Steven Halpaus, witnessed this altercation and reported it to staff. Staff failed to address this incident as Mr. Pleaugh continues to reside at the property and makes threats towards Plaintiff and Mr. Halpaus.

16. On or around June 20, 2018, Plaintiff reported further harassment by Mr. Pleaugh towards him to the property manager in a

written statement. Staff has failed to properly address this behavior as Mr. Pleaugh continues to threaten and harass Plaintiff.

17. On 06/20/2018, Plaintiff again reported harassment by Mr. Pleaugh.

18. On 10/24/2018, Plaintiff reported resident in #136 continues smoking on patio in violation of City's rules.

19. On 03/24/2019, between 2:00pm-2:30pm, Clyde Pleaugh (#144), made life-threatening gestures toward Plaintiff, mimicking a gun with his hand.

20. On 08/29/2019, Resident (#220) called Plaintiff a Black Mother Fucker, stating "I'll fuck you up".

21. On 11/23/2019, Resident (#217) threatened Plaintiff in the pool room.

22. Clearly, the conduct suffered by Plaintiff, which was not sufficiently rectified by the City of Phoenix, constitutes violation of Plaintiff's rights protected by the United States Constitution and federal laws.

## V. COUNT ONE
### Fair Housing Act
### 42 U.S.C. §3601 et. seq

23. Plaintiffs incorporate as if realleged paragraphs 1 through 22 of this Complaint.

24. Defendant City of Phoenix is violating Plaintiffs' rights under the Fair Housing Act, 42 U.S.C. Section 3601, et seq., and its implementing regulations by:

  a. Discriminating against Plaintiff because of his race in the terms, conditions and privileges of residing in Defendant's facilities

written statement. Staff has failed to properly address this behavior as Mr. Pleaugh continues to threaten and harass Plaintiff.

17. On 06/20/2018, Plaintiff again reported harassment by Mr. Pleaugh.

18. On 10/24/2018, Plaintiff reported resident in #136 continues smoking on patio in violation of City's rules.

19. On 03/24/2019, between 2:00pm-2:30pm, Clyde Pleaugh (#144), made life-threatening gestures toward Plaintiff, mimicking a gun with his hand.

20. On 08/29/2019, Resident (#220) called Plaintiff a Black Mother Fucker, stating "I'll fuck you up".

21. On 11/23/2019, Resident (#217) threatened Plaintiff in the pool room.

22. Clearly, the conduct suffered by Plaintiff, which was not sufficiently rectified by the City of Phoenix, constitutes violation of Plaintiff's rights protected by the United States Constitution and federal laws.

## V. COUNT ONE
### Fair Housing Act
### 42 U.S.C. §3601 et. seq

23. Plaintiffs incorporate as if realleged paragraphs 1 through 22 of this Complaint.

24. Defendant City of Phoenix is violating Plaintiffs' rights under the Fair Housing Act, 42 U.S.C. Section 3601, et seq., and its implementing regulations by:

  a. Discriminating against Plaintiff because of his race in the terms, conditions and privileges of residing in Defendant's facilities

and in the provision of services and facilities in connection with those dwellings;

b. Restricting and attempting to restrict Plaintiff because of his race, their choice to reside at Plaintiffs' dwellings so as to discourage and obstruct choices in that community and neighborhood;

c. Coercing, intimidating, threatening and interfering with Plaintiffs or their residents because his race, in the exercise and enjoyment of their right to reside at Plaintiffs' dwellings;

d. Defendant participated in the discrimination against Plaintiff and has cultivated a culture where discrimination has become the norm.

e. As a direct and proximate result of Defendant's actions and disregard for Plaintiffs' rights to be free from discriminatory conduct based on race, Plaintiff has suffered damages including the indignity of discrimination, severe anxiety about their future, all resulting in disruption of their personal lives and loss of enjoyment of ordinary pleasures of life.

f. As a direct and proximate result of the intentional conduct of Defendant, Plaintiff has suffered injury and will continue to suffer injury.

## VI. COUNT TWO
U.S. Civil Rights Act of 1871, 42 U.S.C. § 1983
Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

25. Plaintiffs incorporate as if realleged paragraphs 1 through 22 of this Complaint.

26. Defendant City of Phoenix, acting under color of state law is violating Plaintiffs' civil rights under 42 U.S.C. Section 1983 by Defendant participated in the discrimination against Plaintiff and has cultivated a culture where discrimination has become the norm.

27. Defendant, City of Phoenix, is violating Plaintiffs' rights to the equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution by implementing processes and procedures which arbitrarily denies Plaintiff the same housing opportunities afforded to non-African-American residents.

28. Defendant participated in the discrimination against and has cultivated a culture where discrimination has become the norm.

29. As a direct and proximate result of Defendant's actions and disregard for Plaintiff's rights to be free from discriminatory conduct based on race, Plaintiff has suffered damages including the indignity of discrimination, severe anxiety about their future, all resulting in disruption of their personal life and loss of enjoyment of ordinary pleasures of life.

30. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered injury and will continue to suffer injury.

## VIII. COUNT THREE
<u>U.S. Civil Rights Act of 1866, 42 U.S.C. $ 1982</u>

31. 42 U.S.C. $ 1982, Property Rights of Citizens provides:
    a. "All citizens of the Unties States shall have the same right in every State and Territory as is enjoyed by white citizens thereof to inherit procedure, lease, sell, hold and convey real and personal property"
32. Defendant has violated Plaintiff's rights protected by 42 U.S.C. § 1982.
33. Plaintiffs incorporate as if realleged paragraphs 1 through 22 of this Complaint.

34. Plaintiffs incorporate as if realleged paragraphs 1 through 22 of this Complaint.

35. Defendant participated in the discrimination against and has cultivated a culture where discrimination has become the norm.

36. As a direct and proximate result of Defendant's actions and disregard for Plaintiff's rights to be free from discriminatory conduct based on race, Plaintiff has suffered damages including the indignity of discrimination, severe anxiety about their future, all resulting in disruption of their personal life and loss of enjoyment of ordinary pleasures of life.

37. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered injury and will continue to suffer injury.

## X.  RELIEF SOUGHT

WHEREFORE, Plaintiff prays:

1. Assume jurisdiction of this action

2. Enter a declaratory judgment that Defendant City of Phoenix has discriminated against Plaintiff in the Terms, Conditions, or Privileges of Sale or Rental of a dwelling, or in the provision of services or facilities in connection therewith because of his race violating his rights under the Fair Housing Act, 42 U.S.C. Section 3601, et. seq., and its implementing regulations; 42 U.S.C. Section 1983; the Civil Rights Act of 1871; 42 U.S.C. § 1982, the Civil Rights Act of 1866. and the equal protection clauses and due process of the Fourteenth Amendment to the United States Constitution;

3. Enter a preliminary and permanent injunction enjoining the Defendant, it officers, employees, agents, attorneys and successors, and all persons in active concert or participating with any one of them from

violating Plaintiff's rights protected by the U.S. Fair Housing Act, the U.S. Civil Rights Acts of 1866 and 1871 and the 14th Amendment;

4. Enter a preliminary and permanent Injunction, enjoining the Defendant, its officers, employees, agents, attorneys and successors and all persons in active concert or participants with any of them from interfering in any way with the right of the Plaintiff to reside in those premises;

5. Enter a preliminary and permanent injunction enjoining the Defendant, its officers, employees, agents, attorneys and successors, and all persons in active concert or participating from proceeding with the and other enforcement measures against Plaintiff;

6. The actual damages be awarded to Plaintiff and against Defendant.

7. Grant to Plaintiffs an award of compensatory damages;

8. That punitive damages be awarded against the Defendant;

9. Grant to Plaintiffs an award of reasonable costs and attorneys' fees pursuant to 42 U.S.C. Section 3613 and 42 U.S.C. Section 1988; and

10. Order such other relief as this Court deems just and proper.

**XI.  JURY DEMAND**
Plaintiff demands trial by jury.

Respectfully submitted this ____ day of April, 2020.

LAW OFFICE OF PHILLIP A. AUSTIN

PHILLIP A. AUSTIN
Attorney for Plaintiff